UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY L. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-01330 |
| ) | |
| RICHARD BIRKEY, Warden, LISA ) | |
| MADIGAN, Attorney General, ) | |
| ) | |
| Respondents. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Henry L. Jones's ("Jones"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition [#1] is DISMISSED, and the Motion for Leave to Proceed In Forma Pauperis [#2] is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

Jones pled not guilty to Murder 1 in the Circuit Court of Peoria County in Case No. 80-CF-1390. Jones was found guilty in a bench trial, and on December 19, 1980, he was sentenced to a term of imprisonment of 80 years. Jones appealed his conviction to the Appellate Court of Illinois, Third Judicial District claiming (1) ineffective assistance of counsel; (2) racial discrimination; and (3) hearsay. On May 28, 1982, his conviction was affirmed. Jones then appealed this decision to the Illinois Supreme Court, which affirmed the ruling of the appellate court in 1984. Jones also filed a post-conviction petition with the Tenth Judicial Circuit Court alleging the above three grounds as well as challenging his sentence, which Jones contends constituted an excessive sentence rising to the level of cruel and unusual punishment. His conviction and sentence were affirmed on May 2, 1986.

On August 17, 2010, Jones filed this Petition for Writ of Habeas Corpus with this Court. Jones now brings the present action seeking federal review of his state court sentence. In his Petition, he argues that (1) he received ineffective assistance of counsel; (2) he was found guilty by improperly admitted hearsay testimony; and (3) his 80 year sentence constituted cruel and unusual punishment under the Eighth Amendment. This Order follows.

**DISCUSSION**

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Jones alleges that he is entitled to relief as a result of (1) allegedly ineffective assistance of counsel; (2) improperly admitted hearsay testimony; and (3) an allegedly

excessive sentence amounting to cruel and unusual punishment. He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

On the record before the Court, Jones's direct appeal became final thirty days after the Circuit Court's decision in the post-conviction petition on May 2, 1986, and his clock began to run on that day. ILL. SUP. CT. RULE 606(b). Jones filed his Petition for Writ of Habeas Corpus over twenty years later in 2010, which well exceeds the statutorily prescribed one-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the Petition must be denied as untimely.

Furthermore, having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, Jones's application is denied for the following reason: Jones's writ for habeas corpus has no merit as his period of limitations expired over twenty years ago.

## CONCLUSION

For the reasons set forth herein, Jones's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED as untimely, and his Motion for Leave to Proceed In Forma Pauperis [#2] is DENIED. This matter is now terminated.

ENTERED this __26__ day of October, 2010.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge